IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE SOLOMON PRUITT                                                                              PETITIONER

V.                                                                                          NO. 1:09CV082-A-D

STATE OF MISSISSIPPI, et al.                                                                RESPONDENTS

## FINAL JUDGMENT

The Petitioner, proceeding pro se, filed this matter pursuant to 28 U.S.C. § 2254 challenging his state court conviction for armed robbery. The Petitioner was sentenced to serve 35 years imprisonment by the Monroe County Circuit Court. The Petitioner appealed his conviction and sentence raising only one issue, a *Batson* challenge. On July 24, 2008, the conviction and sentence were affirmed. *See Pruitt v. State*, 986 So. 2d 940 (Miss. App. 2008). The Petitioner admits and the Respondents have confirmed through the Mississippi Supreme Court Clerk's Office that no petition for post-conviction relief has been filed on behalf of or by the Petitioner.

The instant petition includes two claims. The first is related to the *Batson* challenge which was set forth and denied on direct appeal. Secondly, the petition impliedly asserts a claim based on "newly discovered evidence" which has not been presented to or passed upon by the State's highest court. The Respondents contend, and the court agrees, that the Petitioner still has the opportunity to return to state court and pursue post-conviction relief and, thus, exhaust his "newly discovered evidence" claim. *See* Miss. Code Ann. §§ 99-39-1 *et seq*.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v.*

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that-
(A) the applicant has exhausted the remedies available in the courts of the State;
or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of
the applicant.

*Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

When faced with a petition containing both exhausted and unexhausted claims, the court generally is to dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (statute of limitations is not tolled during the pendency of a federal habeas petition). The court may, in certain limited circumstances and upon a showing of good cause, stay the entire matter allowing the petitioner an opportunity to return to state court and exhaust all of his federal claims. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d (2005). Staying of a federal habeas petition, pending exhaustion of state remedies should only be granted for "good cause" and should be the exception rather the rule. *Id.* The Petitioner has offered no explanation for his failure to exhaust the newly discovered evidence claim. The circumstances in this case do not warrant staying the matter.

As noted above, however, the Petitioner may take advantage of the State's post-conviction review. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The Petitioner should, without haste, return to state court and exhaust each claim he intends to present in a federal habeas petition. If he does not delay and once he has received a ruling from the Mississippi State Supreme Court, the Petitioner may return to this court and again pursue a federal writ of habeas.[2]

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[2] The prohibition against successive writs will not apply where the court has not reviewed the merits of a petition. 28 U.S.C. § 2244(b)(3)(A).

Thus, the court finds that Respondents' arguments are well-taken and that the objections shall be sustained.

THEREFORE, it is hereby ORDERED that

(1) Respondents' motion to dismiss (docket entry 6) is GRANTED;

(2) the petition is DISMISSED without prejudice to the Petitioner's right to challenge his conviction of armed robbery in the Monroe County Circuit Court; and

(3) this matter is CLOSED.

SO ORDERED, this the __11th__ day of August, 2009.

      /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI